**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **RICHARD (RICKEY) PALERMO and SHEILA PALERMO,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **VS.** ) | |
| ) | |
| **LETOURNEAU, INC.; DANIEL C. DREW d/b/a** ) | **CIVIL ACTION NO. 5:07CV52DCB-** |
| **NATIONWIDE MEDICAL REVIEW; KRISTY** ) | **JMR** |
| **BROGAN; FALL CREEK HEALTH AND** ) | |
| **SAFETY, INC.; MISSISSIPPI BAPTIST** ) | |
| **MEDICAL CENTER; GENE R. BARRETT,** ) | |
| **M.D.; LIFE LINK TISSUE BANK, INC.;** ) | |
| **NUTECH MEDICAL INC.; and ACE** ) | |
| **PROPERTY AND CASUALTY INSURANCE** ) | |
| **CO.,** ) | |
| ) | |
| **Defendants.** ) | |

## NUTECH MEDICAL, INC.'S ANSWER AND  AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, Nutech Medical, Inc. ("Nutech" or "Defendant"), by and through counsel, and files this its Answer and Affirmative Defenses to Plaintiffs' Complaint and would respectfully show unto the Court the following, to-wit:

### FIRST DEFENSE

The complaint fails to state a claim or cause of action upon which relief can be granted and same should be dismissed with prejudice.

10331

## SECOND DEFENSE

Nutech, hereby includes, alleges, and incorporates each and every defense available to it as set forth in FED. R. CIV. P. 12(b)(1)-(7) and FED. R. CIV. P. 19; therefore Defendant demands that the action pending against it be dismissed with prejudice. The Defendant hereby includes, alleges and incorporates each and every defense available to it as set for the in FED. R. CIV. P. 12(b)(6) and on account thereof demands that the action herein against it be dismissed.

## THIRD DEFENSE

Venue in the State Court action is improper.

## FOURTH DEFENSE

Nutech has been improperly served and/or has been putatively served with improper or defective process.

## FIFTH DEFENSE

Plaintiffs have failed to state one or more claims for which relief may be granted against Nutech.

Comes now, Defendant, and without waiving its right to first be heard on any of its affirmative defenses and expressly reserving and preserving all jurisdictional and procedural defenses and all other defenses whatsoever which may be available to it or in its favor pursuant to FED. R. CIV. P. 12 or by any other ground or basis whatsoever, and addresses the allegations of the Complaint, paragraph by paragraph, as follows:

## COMPLAINT

1.      Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 1 and therefore denies the same. Nutech denies that jurisdiction and venue is proper in Warren County Circuit Court.

10331                                          2

2.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 2 regarding LeTourneau, Inc. and therefore denies the same.

3.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 3 regarding Kristy Brogan and therefore denies the same.

4.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 4 regarding Daniel C. Drew, M.D., d/b/a Nationwide Medical Review and therefore denies the same.

5.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 5 regarding Mississippi Baptist Medical Center and therefore denies the same.

6.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 6 regarding Gene R. Barrett, M.D., and therefore denies the same.

7.     Upon information and belief, Nutech admits that Life Link Tissue Bank, Inc., is a Florida corporation. Nutech is without sufficient knowledge or information to admit or deny the remainder of the allegations in the numbered paragraph 7 regarding Life Link Tissue Bank, Inc. and therefore denies the same.

8.     Nutech admits that it is located at 174 Oxmoor Road, Birmingham, Alabama. Nutech denies the remaining allegations of the numbered paragraph 8.

9.     Nutech is without sufficient knowledge or information to admit or deny the allegations in the numbered paragraph 9 regarding Ace Property and Casualty Insurance Co. and therefore denies the same.

## JURISDICTION AND VENUE

10.     Nutech denies that venue is proper in Warren County Circuit Court and also denies the remaining allegations in the numbered paragraph 10.

## FACTS

11.     The allegations contained in the numbered paragraphs 11 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in the numbered paragraph 11 are directed toward Nutech the allegations are denied. Insofar as the allegations contained paragraph 11 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 11 are denied.

12.     The allegations contained in the numbered paragraph 12 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 12 seek to impose liability upon Nutech the allegations are denied. Insofar as the allegations contained in paragraph 12 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 12 are denied.

13.     The allegations contained in the numbered paragraph 13 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 13 seek to impose liability upon Nutech the allegations are denied. Insofar as the allegations contained in paragraph 13 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 13 are denied.

14.     The allegations contained in the numbered paragraph 14 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 14 seek to impose liability upon Nutech the allegations are denied. Insofar as the allegations contained in paragraph 14 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 14 are denied.

15.     Nutech is without sufficient information regarding Plaintiffs' allegations contained in paragraph 15.  The allegations contained in the numbered paragraph 15 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 12 seek to impose liability upon Nutech the allegations are denied.

16.     The allegations contained in the numbered paragraph 16 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 16 seek to impose liability upon Nutech the allegations are denied.

17.     The allegations contained in the numbered paragraph 17 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 17 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 17 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 17 are denied.

18.     The allegations contained in the numbered paragraph 18 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the

allegations contained in paragraph 18 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 18 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 18 are denied.

19.     The allegations contained in the numbered paragraph 19 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 19 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 19 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 19 are denied.

20.     The allegations contained in the numbered paragraph 20 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 20 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 20 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 20 are denied.

21.     The allegations contained in the numbered paragraph 21 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 21 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 21 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 21 are denied.

22.     The allegations contained in the numbered paragraph 22 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 22 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 22 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 22 are denied.

23.     The allegations contained in the numbered paragraph 23 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 23 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 23 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 23 are denied.

24.     The allegations contained in the numbered paragraph 24 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 24 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 24 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 24 are denied.

25.     The allegations contained in the numbered paragraph 25 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 25 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 25 apply to other Defendants, Nutech is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 25 are denied.

26.     The allegations contained in the numbered paragraph 26 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 26 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 26 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 26 are denied.

27.     The allegations contained in the numbered paragraph 27 of Plaintiffs' Complaint do not appear to pertain to Nutech and therefore no response is required. To the extent the allegations contained in paragraph 27 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in paragraph 27 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and the allegations contained in paragraph 27 are denied.

## COUNT I
## MEDICAL NEGLIGENCE and PRODUCT LIABILITY

28.     The allegations contained in the numbered paragraph 28 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 28 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in the numbered paragraph 28 applies to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

29.     Nutech admits to being a conduit of an allograft from Life Link which was delivered to  MAE Physicians, Inc., 1190 N. State Street, Suite 102, Jackson, Mississippi, on

March 29, 2006.   Nutech affirmatively states that it complied with all relevant regulations and standards regarding the transport of the subject allograft.   To the extent that the allegations contained in paragraph 29 seek to impose any type of liability upon Nutech, same are denied and Nutech demands strict proof thereof.   Insofar as the allegations contained in the numbered paragraph 29 applies to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

30.     Plaintiffs failed to attach any lab report(s) to their Complaint and, as a result, Nutech has no knowledge concerning the content of any such report in violation of Fed. R. Civ. Pro. 10 (c).   To the extent that the allegations contained in paragraph 30 seek to impose liability upon Nutech then same are denied. Insofar as the allegations contained in the numbered paragraph 30 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and according these allegations are denied.

31.     The allegations contained in the numbered paragraph 31 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 31 are directed toward Nutech the allegations are denied. Insofar as the allegations contained in the numbered paragraph 31 apply to other Defendants, Nutech is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and according these allegations are denied.

32.     Nutech denies the allegations of the numbered paragraph 32 and demands strict proof of all allegations contained therein.   Insofar as the allegation contained in the numbered paragraph 32 applies to other defendants, Nutech is without knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations and accordingly these allegations are denied.

33.     Nutech denies the allegation of  the numbered paragraph 33.

34.     Nutech denies the allegations of the numbered paragraph 34.

## COUNT II
## WRONGFUL DISCHARGE

35.     Nutech adopts and incorporates the preceding paragraphs as if set forth fully herein.

36.     The allegations contained in the numbered paragraph 36 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 36 seek to impose liability upon Nutech the allegations are denied.

37.     The allegations contained in the numbered paragraph 37 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 37 seek to impose liability upon  Nutech the allegations are denied.

38.     The allegations contained in the numbered paragraph 38 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 38 seek to impose liability upon Nutech the allegations are denied.

39.     The allegations contained in the numbered paragraph 39 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 39 seek to impose liability upon Nutech the allegations are denied.

40.     The allegations contained in the numbered paragraph 40 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 40 seek to impose liability upon Nutech the allegations are denied.

41.     The allegations contained in the numbered paragraph 41 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 41 seek to impose liability upon Nutech the allegations are denied.

42.     The allegations contained in the numbered paragraph 42 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 42 seek to impose liability upon Nutech the allegations are denied.

**COUNT III**
**<u>SLANDER</u>**

43.     Nutech incorporates the preceding paragraphs as if set forth fully herein.

44.     The allegations contained in the numbered paragraph 44 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 44 seek to impose liability upon Nutech the allegations are denied.

45.     The allegations contained in the numbered paragraph 45 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 45 seek to impose liability upon Nutech the allegations are denied.

46.     The allegations contained in the numbered paragraph 46 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 46 seek to impose liability upon Nutech the allegations are denied.

47.     The allegations contained in the numbered paragraph 47 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 47 seek to impose liability upon Nutech the allegations are denied.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Nutech incorporates the preceding paragraphs as if set forth fully herein.

49.     The allegations contained in the numbered paragraph 49 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 49 seek to impose liability upon Nutech the allegations are denied

50.     The allegations contained in the numbered paragraph 50 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 50 seek to impose liability upon Nutech the allegations are denied

51.     The allegations contained in the numbered paragraph 51 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 51 seek to impose liability upon Nutech the allegations are denied.

52.     The allegations contained in the numbered paragraph 52 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 52 seek to impose liability upon Nutech the allegations are denied.

53.     The allegations contained in the numbered paragraph 53 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 53 seek to impose liability upon Nutech the allegations are denied.

54.     The allegations contained in the numbered paragraph 54 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 54 seek to impose liability upon Nutech the allegations are denied.

55.     The allegations contained in the numbered paragraph 55 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 55 seek to impose liability upon Nutech the allegations are denied.

**COUNT V**
**NEGLIGENCE**

56.     The allegations contained in the numbered paragraph 56 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 56 seek to impose liability upon Nutech the allegations are denied.

57.     The allegations contained in the numbered paragraph 57 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the

allegations contained in the numbered paragraph 57 seek to impose liability upon Nutech the allegations are denied.

58.     Denied.

59.     The allegations contained in the numbered paragraph 59 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 59 seek to impose liability upon Nutech the allegations are denied.

60.     The allegations contained in the numbered paragraph 60 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 60 seek to impose liability upon Nutech the allegations are denied.

61.     The allegations contained in the numbered paragraph 61 of Plaintiffs' Complaint do not appear to pertain to Nutech, and therefore no response is required. To the extent the allegations contained in the numbered paragraph 61 seek to impose liability upon Nutech the allegations are denied.

62.     Denied.

### DAMAGES

63.     Nutech denies all allegations in the numbered paragraph 63 and its subparts (A) through (I), specifically denying that Plaintiffs are entitled to any relief whatsoever.  Nutech denies all allegations set forth in  the unnumbered paragraph which begins "Wherefore Premises Considered" and further denies that Plaintiffs are entitled to any relief whatsoever.

## SIXTH DEFENSE

Plaintiffs' recovery, if any, should be reduced by their own comparative negligence or fault.

## SEVENTH DEFENSE

Some or all of the Plaintiffs' claims or their requested remedies are barred by plaintiffs' own conduct.

## EIGHTH DEFENSE

No alleged act or omission of Nutech was malicious, willful, wanton, reckless or grossly negligent, and, therefore, any award of punitive damages is barred.

## NINTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Nutech specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW or North America v. Gore, 116 U.S.Ct. 1589 (1996), State Farm v. Campbell, 123 S.Ct. 1513 (2003), Morris v. Williams, --- S.Ct. 2007 WL 505781 (U.S.), and their progeny.

## TENTH DEFENSE

Plaintiffs' claims for punitive damages are barred or limited by the due process clause of the Fourteenth Amendment of the United States Constitution, by Section 14 of the Mississippi Constitution of 1890, by Miss. Code § 11-1-65 (1972), and by the laws of Mississippi, including Miss. Code §75-21-1 *et seq.* (1972) and Miss. Code § 75-24-1 *et seq.* (1972).

## ELEVENTH DEFENSE

Some or all of the Plaintiffs' claims or other requested remedies are barred by the terms and provision of medical agreements.

## TWELFTH DEFENSE

Some or all of the Plaintiffs' claims are barred by superseding or intervening causes, including, but not limited to, the actions or inactions of persons other than Nutech.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the alleged damages, if any, are too speculative and remote.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the economic loss and/or impact rules.

## FIFTEENTH DEFENSE

Nutech invokes all rights afforded under Mississippi's 1993, 2002, and 2004 Tort Reform Acts, including, but not limited to, Miss. Code Ann. § 11-1-65, and Miss. Code Ann. § 11-1-63.

## SIXTEENTH DEFENSE

Nutech invokes the provision of Miss. Code § 85-5-7 (1972) on apportionment of fault as to all parties and non-parties who may be jointly liable for Plaintiffs' alleged injuries.

## SEVENTEENTH DEFENSE

Some or all of Plaintiffs' claims and requested damages are barred by MRCP and FRCP 9 (g).

## TWENTIETH DEFENSE

Plaintiffs' have failed to mitigate their alleged damages, if any.

## TWENTY-FIRST DEFENSE

Pursuant to FED. R. CIV. P. 12(b)(7), 17 and 19, if the damages, or any part thereof, claimed by Plaintiff in the Complaint have been paid or provided by any person, corporation or party, including insurer, workers' compensation carrier, employer or governmental entity, which

holds any rights of subrogation, assignment, loan receipt or lien holder interest therefore as a result of such payment(s), then under FED. R. CIV. P. 12(b)(7), 17 and 19, any and all such persons, corporations or parties whatever are real parties in interest herein, including for such subrogation, assignment, lien or otherwise, and must be joined as a party needed for just adjudication herein.  If any such person, company or party exists, that person, company or party should be joined by order of this Court either as Plaintiff(s) or involuntary Plaintiff(s).  Further, pursuant to said FED. R. CIV. P. 12(b)(7), 17 and 19, any such person, corporation or party whatsoever who has paid or provided all or any part of Plaintiffs' claimed damages, and thereby holds subrogation rights, assignment rights, loan receipt, lien holder rights, or rights otherwise arising from these events is a real party in interest herein pursuant to FED. R. CIV. P. 17; and for such payment and interest, the damages claimed in this action to the extent of such rights must be brought in the name of the subrogee, assignee, loan receipt holder, lien holder or other party whatsoever holding such interest; and Plaintiff has no further interest or right of recovery thereto.

## TWENTY-SECOND DEFENSE

At all times relevant to the allegations set forth in the complaint, any activity performed or conducted by this Defendant in relation to the delivery or distribution of the product was done in conformity with the state of the art and the prevailing industry standards, custom, regulations and practices.

## TWENTY-THIRD DEFENSE

Defendant is guilty of no act, fault, negligence or want of care in the premises.  Further, Defendant is not strictly liable herein and has no other liability herein. Defendant denies each and every material allegation of the Complaint by which Plaintiffs seek to impose liability upon Defendant and deny any responsibility in the premises.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively pleads that Plaintiff(s) or others materially altered, changed, modified or misused the product alleged to be defective and such change, modification, alteration or misuse was the sole proximate cause or a contributing proximate cause of the alleged damages of Plaintiffs.

### TWENTY-FIFTH DEFENSE

The claims for any intentional act are barred by the one year statute of limitations under Mississippi law.

### TWENTY-SIXTH DEFENSE

If Plaintiffs made or does make settlement with any person or party whatsoever for all or any part of the damages claimed herein, then this Defendant is entitled to full or other credit for the amount of such settlement for the damages otherwise recoverable against the Defendant herein, with said settlement credit to be given in accord with the procedures, jurisprudence and statutes so provided.

### TWENTY-SEVENTH DEFENSE

The Defendant is not responsible for any pre-existing injuries, conditions, or illnesses which may have been affecting the Plaintiff at the time of the events complained of, or those which are not causally related.

### TWENTY-EIGHTH DEFENSE

At all times this Defendant complied with all applicable standards of care, thereby not committing any tortious conduct.

## TWENTY-NINTH DEFENSE

The conduct of this Defendant was not the legal or proximate cause of any injuries, damages, and/or losses incurred by the Plaintiffs as alleged in Plaintiffs' Complaint.  Some, if not all of the Plaintiffs' alleged damages, were caused in whole or in part by actions of others or natural causes for which these Defendants are not liable.

## THIRTIETH DEFENSE

The doctrine of strict liability is not applicable to the facts as plead herein.

## THIRTY-FIRST DEFENSE

The Plaintiffs failed to give notice to this Defendant of any possible claimed breach of warranties.

## THIRTY-SECOND DEFENSE

No punitive (exemplary) damages are recoverable by Plaintiffs herein against Defendant for the following reasons:

a.    Any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of punitive damages would allow a verdict tainted by passion and prejudice.

b.      The imposition of punitive damages in this case would constitute a violation of the these Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

c.      Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Process Clause of Article III Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interests.  If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided in Miss. Code Ann. § 11-1-65 (Supp. 1993), must be by clear and convincing evidence; and the procedures in § 11-1-65 must be complied with.

d.      The procedures and/or standards governing imposition of punitive damages are impermissible, vague, arbitrary, improper and/or violate the Due Process Clause of the Fourteenth Amendment and/or the Fifth Amendment of the Constitution of the United States and/or Article III, Section 14 of the Constitution of the State of Mississippi.

e.      Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, section 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, these Defendants

are entitled to the same procedural and substantive safeguards afforded to criminal defendants.

f.      It violates the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against  Defendant, which are penal in nature, by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state, and less than unanimous jury verdicts.

g.      Defendant avers that any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi in that said punitive damages would be an imposition of an excessive fine.

h.      The imposition of punitive damages in this case measured by wealth of Defendant would constitute an impermissible punishment of status.

i.      It would be unconstitutional to award punitive damages as such would violate the Fifth and Fourteenth Amendments to the United State Constitution and Article III, section 14 of the Mississippi State Constitution in that;

       (i)      Said damages are intended to punish and deter Defendant and thus this proceeding is essentially criminal in nature;

       (ii)      Defendant is being compelled to be a witness  against itself in a proceeding essentially and effectively criminal in nature, in violation of their right to due process;

(iii)    The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates these Defendant's right to due process; and

(iv)    Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirements of notice of the elements of the offense, and the law and authorities authorizing punitive damages are so vague and ambiguous they are in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the States of Mississippi.

j.    The awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, who differ only in material wealth, constitutes an arbitrary and insidious discrimination prohibited by the equal protection clauses and rights of the defendants under the Fourteenth Amendment to Constitution of the United States.

The claim for punitive damages is barred by Miss. Code Ann.§ 15-1-33.

### THIRTY-THIRD DEFENSE

Defendant reserves the right to plead such other affirmative defenses as become known or apparent during the course of discovery and reserve the right to amend their answer in conformity therewith.

WHEREFORE PREMISES CONSIDERED, Defendant, Nutech Medical, Inc., hereby requests that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs be taxed with

all costs, fees, expenses, attorneys fees, together with interest thereon and for whatever other

relief the Court deems appropriate.



  s/Eric F. Hatten
Robert D. Gholson MS Bar #4811
Eric F. Hatten MS Bar #10428

Attorneys for Defendants
NUTECH MEDICAL INC.

**OF COUNSEL:**
Robert D. Gholson, MBN 4811
Eric F. Hatten MBN 10428
BURR & FORMAN LLP
401 E. Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via electronic filing in the adversary proceedings on the following entities on this the 16th day of March, 2007:

PAUL KELLY LOYACONO
Post Office Box 1150
Vicksburg, MS 39183
ATTORNEY FOR PLAINTIFFS


s/ Eric F. Hatten                              
OF COUNSEL