```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                          WESTERN DIVISION
```

RICHARD (RICKEY) PALERMO                                    PLAINTIFFS
and SHEILA PALERMO

VERSUS                              CIVIL ACTION NO. 5:07cv52-DCB-JMR

LETOURNEAU, INC.; DANIEL C. DREW
d/b/a NATIONWIDE MEDICAL REVIEW;
KRISTY BROGAN; FALL CREEK HEALTH
AND SAFETY, INC.; MISSISSIPPI
BAPTIST MEDICAL CENTER; GENE R.
BARRETT, M.D.; LIFE LINK TISSUE
BANK, INC.; NUTECH MEDICAL, INC.;
and ACE PROPERTY AND CASUALTY
INSURANCE CO.                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the plaintiffs' Motion for Voluntary Non-Suit **[docket entry no. 19]** and Motion to Remand **[docket entry no. 24]**. Having reviewed the Motions, memoranda, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

**I. FACTS AND PROCEDURAL HISTORY**

On February 12, 2007, the plaintiffs filed a complaint against the defendants in the Circuit Court of Warren County, Mississippi. (Compl. 1.)  In that pleading, the plaintiffs allege facts in support of their claims for medical negligence, product liability, wrongful discharge, slander, intentional infliction of emotional distress, and negligence. (Compl. 5-10.)  More specifically, the medical negligence and product liability claims are the only ones

1

brought against four defendants (Mississippi Baptist Medical Center, Gene R. Barrett, M.D., Life Link Tissue Bank, Inc., and Nutech Medical, Inc.) and allegedly arose out of treatment for an on-the-job injury sustained by Richard Palermo. (Compl. 5-6.) All of the plaintiffs' other claims are against the other five defendants (LeTourneau, Inc., Daniel C. Drew d/b/a Nationwide Medical Review, Kristy Brogan, Fall Creek Health and Safety, Inc., and Ace Property and Casualty Insurance Co.) and purportedly arose from these defendants' efforts to terminate Richard Palermo's employment with LeTourneau, Inc. and his disability and medical insurance benefits. (Compl. passim.) The plaintiffs conclude their complaint by recounting sundry types of damages (including loss of consortium by Sheila Palermo) and demanding a judgment of no less than $2,500,000.00 in actual damages (in addition to punitive damages, attorney fees, costs, and pre- and post-judgment interest) as compensation therefor. (Compl. 11-12.)

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant LeTourneau, Inc. filed its notice of removal with this Court on March 7, 2007, on the bases of federal question, diversity of citizenship, and supplemental jurisdiction. (Not. Remov. ¶ 1.) According to the plaintiffs, all defendants joined in the removal of the action to this Court. (Mot. Remand ¶ 2.) The defendants filed answers to the plaintiffs' complaint following removal. On March 30, 2007, the plaintiffs filed their Motion for Voluntary Non-Suit, and on April

5, 2007, they filed their Motion to Remand this matter to the Circuit Court of Warren County, Mississippi. These Motions are now before the Court.

## II. DISCUSSION

*A. Plaintiffs' Motion for Voluntary Non-Suit*[1]

In their Motion, the plaintiffs urge that "fatal technical defects" are contained within their complaint "which must be corrected[,]" and that their "rights might be adversely affected" should the Court not grant their Motion.[2] (Pls.' Mot. Vol. Non-Suit ¶¶ 2, 6.) The plaintiffs suggest that "no parties will be prejudiced by the granting of this Motion, as a properly pled Complaint will be filed on this day in the Circuit Court of Warren County, Mississippi[]" and declare that they "have received certain information from the Defendants herein which make it just to remove more than one Defendant, which the new Complaint does." (Pls.' Mot. Vol. Non-Suit ¶¶ 1, 3.) According to the Motion, "the new Complaint makes it clear" that the plaintiffs have not raised a federal question under the Longshore and Harbor Workers'

---

[1] The Court understands the plaintiffs' Motion to be the functional equivalent of a Motion for Voluntary Dismissal by Order of Court under Federal Rule of Civil Procedure 41(a)(2).

[2] Although the plaintiffs offer few details regarding the technical defects, the defendants opposing the Motion point out that the plaintiffs failed "to obtain and file a certificate indicating that the plaintiff[s] ha[ve] consulted with a medical expert, who is of the opinion that the medical malpractice claim is meritorious[]" as required by Miss. Code Ann. § 11-1-58. (LeTourneau Memo. Opp. Pls.' Mot. Vol. Non-Suit 3.)

3

Compensation Act.  (Pls.' Mot. Vol. Non-Suit ¶ 4.)  Counsel for the plaintiffs avers that the Motion has not been filed for dilatory purposes.  (Pls.' Mot. Vol. Non-Suit ¶ 7.)

Defendant LeTourneau, Inc. filed a response to the plaintiffs' Motion, in which defendants Daniel C. Drew d/b/a Nationwide Medical Review and Fall Creek Health and Safety, Inc. joined.  (Resp. LeTourneau to Pls.' Mot. Vol. Non-Suit 1.)  In their response, these defendants argue that the procedural deficiencies in the plaintiffs' action relate <u>only</u> to claims brought against four of the other defendants (termed the "Medical Defendants") and that the plaintiffs' Motion should not be granted as to them (three of the so-called "Employer Defendants") out of consideration for judicial economy and expense.[3]  (Resp. LeTourneau to Pls.' Mot. Vol. Non-Suit ¶¶ 6, 8.) Alternatively, these three defendants suggest that, should the Motion be granted, this Court should condition the voluntary dismissal upon the plaintiffs' payment of the legal expenses and fees incurred by these defendants in connection with

---

[3]  The three defendants opposing this Motion insist that the plaintiffs have misjoined the diverse Employer Defendants with the non-diverse Medical Defendants under Rule 20, thus attempting to evade diversity jurisdiction.  (LeTourneau Memo. Opp. Pls.' Mot. Vol. Non-Suit 3-6.)  These defendants also assert that the plaintiffs have artfully re-pled their new complaint so as to avoid federal question jurisdiction. (LeTourneau Memo. Opp. Pls.' Mot. Vol. Non-Suit 6-8.)  Quite understandably, these defendants are concerned with the potentially duplicative costs which would be incurred through the removal of the plaintiffs' new complaint to federal court and resistance to the plaintiffs' efforts to remand to state court.

removal and the filing of their answers and discovery responses. (Resp. LeTourneau to Pls.' Mot. Vol. Non-Suit ¶ 9.)

Federal Rule of Civil Procedure 41(a)(2) reads as follows:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The United States Court of Appeals for the Fifth Circuit has announced that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002). "It is no bar to dismissal that [the] plaintiff may obtain some tactical advantage" as a consequence of a voluntary dismissal. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).

Plain legal prejudice occurs where the non-movant is stripped of the benefit of a viable defense. Elbaor, 279 F.3d at 318; see also Robles v. Atl. Sounding Co., 77 Fed. Appx. 274, 275 (5th Cir. 2003) (unpublished opinion) (collecting cases holding similarly). Plain legal prejudice also results when a voluntary dismissal is sought late in the course of litigation or after the movant suffers an adverse legal decision. Robles, 77 Fed. Appx. at 275-76. However, "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2)

5

motion to dismiss." Elbaor, 279 F.3d at 317-18 n.3.

This Court must first ascertain "whether an unconditional dismissal will cause the non-movant[s] to suffer plain legal prejudice." Id. at 317. The three defendants opposing the plaintiffs' Motion have not shown that they would lose the benefit of a defense if the Motion is unconditionally granted. In addition, the plaintiffs make their Motion less than one month after removal of the case to this Court and roughly six weeks after they filed their complaint –– a point in time which is not, in the Court's opinion late in the course of litigation. Moreover, the plaintiffs have not filed their Motion on the heels of an adverse legal decision. True enough, these defendants have expended monies for various legal costs; but, as the pertinent case law makes clear, additional expenses expected to be incurred in subsequent litigation generally do not rise to the level of plain legal prejudice. Consequently, the Court finds that these defendants have not demonstrated that they would experience any plain legal prejudice if the Motion now before it is granted without condition. Accordingly, and in light of the Fifth Circuit's liberal approbation for voluntary dismissals absent such prejudice, the generally accepted course is to grant the Motion. Id.

*B. Plaintiffs' Motion to Remand*

Because the plaintiffs' Motion for Voluntary Dismissal by Order of Court is well-taken, their Motion to Remand has become

moot and the merits of that Motion need not be addressed.

### III. CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that the plaintiffs' Motion for Voluntary Non-Suit **[docket entry no. 19]** is **GRANTED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the plaintiffs' Motion to Remand **[docket entry no. 24]** is **DENIED AS MOOT.**

**SO ORDERED,** this the  25th  day of September, 2007.

                                             s/ David Bramlette  
                                      UNITED STATES DISTRICT JUDGE